UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KIM GUINN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | EP-20-CV-00070-DCG |
| | § | |
| WAL-MART STORES, INC., | § | |
| | § | |
| Defendant. | § | |

**SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the Court issues the following Scheduling Order.

       **A. DEADLINES AND SETTINGS**

**1**  **May 21, 2020**  A report in compliance with Local Rule CV-88(b) shall be filed with the Court.

**2**  **April 30, 2020**  The parties asserting the claims for relief shall submit a written offer of settlement to opposing parties.  Each opposing party shall respond, in writing, within **fourteen (14) days** after the submission of the settlement offer.

**3**  **July 20, 2020**  The parties shall file all motions to amend or supplement pleadings or to join additional parties with the Court.  The parties are advised that all pleadings, including those removed, shall comply with Fed. R. Civ. P. 8.  Any response to an amended pleading shall be filed within the longer of either the time remaining for response to the original pleading or **fourteen (14) days** after service of the amended pleading.

**4**  **August 17, 2020**  All parties asserting claims for relief shall **FILE** their designation of testifying experts with the Court, including the names of the designated experts, and shall **SERVE** on all parties, but not file, the materials required by Fed R. Civ. P. 26(a)(2)(B). All designations of rebuttal experts shall be filed within **fifteen (15) days** of receipt of the report of the opposing expert.

**5**  **September 17, 2020**  Parties resisting claims for relief shall **FILE** their designation of testifying experts with the Court, including the names of the designated experts, and shall **SERVE** on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B).  All

designations of rebuttal experts shall be filed within **fifteen (15) days** of receipt of the report of the opposing expert.

**6**  An objection to the reliability of an expert's proposed testimony under Fed. R. Evid. 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **thirty (30) days** of receipt of the written report of the expert's proposed testimony, or within **thirty (30) days** of the expert's deposition, if a deposition is taken, whichever is later.

**7**  **December 15, 2020**  The parties shall complete **all fact and expert discovery**, including any supplementation of disclosures and responses under Federal Rule of Civil Procedure 26.  Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

**8**  **December 15, 2020**  All motions to continue the trial date shall be filed.  Any such motions shall include detailed grounds for the requested delay and shall note the number and dates of prior motions to continue the trial date that the Court has granted.

**9**  **December 29, 2020**  The parties shall file all discovery-related motions.

**10**  **January 15, 2021**  All **dispositive motions** shall be filed.  Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to twenty (20) pages in length. The Deadlines to file responses and reply are governed by Local Rule CV-7(e)(2) and (f)(2) respectively. The proximity of the trial setting limits the Court's discretion in granting motions to continue beyond this deadline.

The parties must comply with this Court's "Standing Order Regarding Motions for Summary Judgment."[1] A non-compliant motion or responsive brief may be summarily terminated or stricken by the Court.

**11**  **February 26, 2021**  The parties shall conclude the dispute resolution process they have selected.

**12**  **March 12, 2021**  The parties shall file a final report, *see* Local Rule CV-88(i), indicating that they have complied with the dispute resolution process requirement, a notice of outcome, the method of ADR, and whether the case has settled.

---

[1] *See* https://www.txwd.uscourts.gov/judges-information/standing-orders/ (click "El Paso Division," and then look under "U.S. District Judge Guaderrama").

**13**     **July 8, 2021, at 2:00 p.m.** – This case is set for a **final pretrial conference** pursuant to Federal Rule of Civil Procedure 16 in Courtroom Number 322, on the Third Floor of the United States Courthouse, 525 Magoffin Avenue, El Paso, Texas.

The Court may consider and take appropriate action on any of the matters itemized in Local Rule CV-16(e)–(f). In addition, the Court will address the parties' preparations for trial, discuss courtroom decorum, and resolve any pending matters.

Notwithstanding the provisions of Local Rule CV-16(e), each party must serve and file the information provided for in Local Rule CV-16(e) at least **twenty-one (21)** days before the scheduled date for the final pretrial conference.

**14**     **July 19, 2021, at 9:00 a.m. –** This case is set for **JURY TRIAL** in Courtroom Number 322, on the Third Floor of the United States Courthouse, 525 Magoffin Avenue, El Paso, Texas.

**15**     This case is **SET** for a **DOCKET CALL** on a **RECURRING BASIS at 10:00 am on the first Wednesday of March, June, September, and December** of each calendar year—until (a) the case is settled or otherwise resolved, and the parties filed appropriate notice consistent with the order provided below or (b) trial. The parties need not attend the first docket call, if it falls within **60 days** of the date of this Order.

The Docket Call will be held in Courtroom Number 322, on the Third Floor of the United States Courthouse, 525 Magoffin Avenue, El Paso, Texas. At the Docket Calls, all parties **MUST APPEAR** in person or by and through their counsel. **The Court does NOT permit telephonic appearances at any hearing or docket call.**

### B.     ADDITIONAL INSTRUCTIONS AND ORDERS

Unless otherwise directed in a future Order of this Court, all other deadlines, not mentioned herein, are governed by the Local Rules of this District and the Federal Rules of Civil Procedure.

In the event that any of above deadlines falls on a weekend or Court holiday, the deadline is modified to be the next Court business day.

Counsel are ordered to file a written motion of any conflict with the above scheduled trial date **within ten (10) days** of the date of this order. Failure to comply with this requirement will waive any continuance based upon a conflict in trial schedules.

**Scheduling Order Modification:** Only changes to the **items numbered 8, 9, 10, 13, 14, and 15** above require leave of Court and will be considered following an appropriate motion; however, the parties are required to file notice with the Court indicating the deadlines of any mutually agreed changes to the items numbered above. A change in any deadline contained herein will not extend any other deadlines unless those deadlines are specifically extended by order of the Court.

**Notice of Settlement and Dismissal Papers**: If the parties reach a settlement or otherwise resolve the case, the parties **MUST PROMPTLY FILE** a written notice, apprising the Court of their settlement or resolution, and if they require additional time (not exceeding 30 days, unless good cause is shown) to file dismissal papers, advising the Court by when, they expect to file such papers.  To the extent the parties are unable to file dismissal papers **by at least 30 days** before trial, they **MUST FILE** a motion to vacate trial setting, stating why they are unable to file dismissal papers by that time.

**So ORDERED and SIGNED this  21st  day of April 2020.**

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE